JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 2:22-cv-03083-MCS-JEM | Date August 10, 2022 |
| Title *Christian Botello v. Darling Ingredients Inc.* | |

Present: The Honorable **Mark C. Scarsi, United States District Judge**

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) ORDER GRANTING MOTION TO REMAND (ECF NO. 18) AND DENYING MOTION FOR JUDGMENT ON THE PLEADINGS (ECF NO. 19) (JS-6)

Plaintiff Christian Botello filed a motion to remand the case to Los Angeles County Superior Court. Mot, ECF No. 18. Defendant Darling Ingredients, Inc. opposed the motion, Opp'n, ECF No. 21, and Plaintiff replied, Reply, ECF No. 24. Defendant filed a motion for judgment on the pleadings. ECF No. 19. Plaintiff opposed this motion, ECF No. 22, and Defendant replied, ECF No. 23. The Court deems this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; C.D. Cal. R. 7-15.

I.  **BACKGROUND**

This is a case alleging Labor Code violations related to Plaintiff's employment in Defendant's food processing plant in Los Angeles, California. Plaintiff was represented by a union, and the terms of his employment with Defendant were governed by a collective bargaining agreement ("CBA"). Ward Decl. ¶ 4, ECF No. 1-2; Ward Decl. Ex. A, ECF No. 1-2. Plaintiff brings two claims, one under the Private Attorney Generals Act ("PAGA"), California Labor Code §§ 2698–2699.5, for violations of California law regarding rest and meal breaks, and one in Plaintiff's

individual capacity based on Defendant's failure to provide employment records in violation of California Labor Code section 226.

Plaintiff filed a Complaint in Los Angeles County Superior Court on March 10, 2022. Oxman Decl. ¶ 2, ECF No. 1-1; Oxman Decl. Ex. A ("Compl."), ECF No. 1-1. Defendant removed the case to this Court on May 5, 2022, arguing that the PAGA claim is completely preempted by Section 301 of the Labor Management Relations Act ("LMRA"). NOR ¶¶ 15–31, ECF No. 1. Plaintiff argues that the LMRA does not preempt his PAGA claim and thus seeks remand. *See generally* Mot. Plaintiff filed a previous case against Defendant that this Court ultimately dismissed. Order Re: Mot. for J. on Pleadings, *Botello v. Darling Ingredients Inc.*, Case No. 2:21-cv-05187-MCS-JEM, ECF No. 23.

## II. LEGAL STANDARD

Federal courts are of limited jurisdiction and possess only that jurisdiction which is authorized by either the Constitution or federal statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant in state court can remove a civil action to federal court if "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Under 28 U.S.C. § 1331, federal courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." A case "arises under" federal law if a plaintiff's "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 27–28 (1983). In determining whether removal is proper, a court should "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* The removing party therefore bears a heavy burden to rebut the presumption against removal. *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) ("[T]he court resolves all ambiguity in favor of remand to state court.").

One such area of complete preemption is Section 301 of the Labor Management Relations Act, which gives federal courts jurisdiction to hear "suits for violation of contracts between an employer and a labor organization." 29 U.S.C. § 185(a). "Courts in the Ninth Circuit apply a two-step analysis to determine whether LMRA preemption applies." *Buckner v. Universal Television, LLC*, No. CV 17-6489-R, 2017 WL 5956678, at *1 (C.D. Cal. Nov. 30, 2017) (alteration incorporated)

(internal quotation marks omitted). First, courts assess "whether the asserted cause of action involves a right conferred upon an employee by virtue of state law" instead of a CBA; if the right exists solely because of the CBA, then the claim is preempted. *Id.* (quoting *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007)). Second, "if the right exists independently of the CBA," courts "must still consider whether it is nevertheless substantially dependent on analysis of a [CBA]." *Id.* (alterations in original) (quoting *Burnside*, 491 F.3d at 1059). To determine whether a state law right is "substantially dependent" on the terms of a CBA, the court must decide "whether the claim can be resolved by looking to versus interpreting the CBA." *Burnside*, 491 F.3d at 1060 (cleaned up). "[I]n the context of [Section] 301 complete preemption, the term 'interpret' is defined narrowly—it means something more than 'consider,' 'refer to,' or 'apply.'" *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1108 (9th Cir. 2000). Where such dependence exists, the state law claim is preempted by section 301. *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1032–33 (9th Cir. 2016).

### III. DISCUSSION

The LMRA does not preempt Plaintiff's PAGA claim under either step.

First, Plaintiff's claims arise independently of the CBA. Plaintiff seeks relief under PAGA due to Defendant's alleged failure to provide required meal breaks in violation of California Labor Code section 512 and required rest breaks in violation of California Labor Code section 226.7 and various Industrial Welfare Commission Wage Orders. Compl. ¶¶ 26–28. Defendant argues that "Plaintiff and the allegedly aggrieved employees' entitlement to meal period premiums under the CBA is greater than what is provided for by California Labor Code." Opp'n 18. Defendant contends that this means Plaintiff's PAGA claim is preempted. *Id.* (citing *Bradford v. Pro. Tech. Sec. Servs. Inc. (Protech)*, No. 20-CV-02242-WHO, 2020 WL 2747767 (N.D. Cal. May 27, 2020)). Defendant's argument, however, is premised on a mistaken reading of the Complaint. Although the CBA does have provisions regarding meal and rest breaks, *e.g.*, Ward Decl. Ex. A, at 4 (establishing the parameters of rest periods), the Complaint does not reference these provisions. Rather than seeking to enforce specific provisions of the CBA, *see* Opp'n 14–15, Plaintiff seeks to vindicate specific meal and rest break and overtime rights provided by California law, Compl. ¶¶ 26–28. Defendant's attempt to sidestep the allegations in the Complaint merely because Defendant argues the CBA provides greater protections than California law contradicts Supreme Court precedent.

In *Livadas v. Bradshaw*, the Supreme Court held that the LMRA "cannot be read broadly to pre-empt nonnegotiable rights conferred on individual employees as a matter of state law." 512 U.S. 107, 123 (1994). It explained that LMRA preemption depends on "the legal character of a claim, as 'independent' of rights under the collective-bargaining agreement," regardless of whether those identical facts could also serve as grounds for a grievance under the CBA. *Id.* The protections of state labor laws do not simply vanish or become otherwise unenforceable just because employees have agreed to a CBA which also addresses similar issues. *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1152 (9th Cir. 2019) (explaining that claims alleging violations of labor rights well within the traditional police power of states "will not necessarily be preempted, even when the plaintiff is covered by a CBA."). Defendant's argument that the LMRA preempts Plaintiff's PAGA claim because the CBA provides greater protections than California law thus fails.

To avoid this conclusion, Defendant argues that in *Bradford* the "PAGA claim was preempted because frequency of pay provided for in CBA was greater than what was afforded by state statute." Opp'n 18. Defendant's argument ignores the operation of California law. California Labor Code section 204(a) establishes a default rule that wages must be paid at least twice a month. A statutory exemption to that rule provides that "when employees are covered by a collective bargaining agreement that provides different pay arrangements, those arrangements shall apply to the covered employees." Cal. Labor Code § 204(c). *Bradford* concluded that when the statutory exemption under section 204(c) applied, employees' rights to enforceable pay arrangements exist solely under the CBA. *Bradford*, 2020 WL 2747767, at *4. California has enacted various exemptions from default rules for qualifying CBAs, but Defendant does not identify any relevant exemptions or allege facts that could establish their application. Defendant also expressly disclaims any argument that Plaintiff waived his right to bring a PAGA claim by way of the CBA. Opp'n 21. Plaintiff's PAGA claim is therefore not preempted under the first step of the *Burnside* analysis.

Second, Plaintiff's PAGA claim does not require interpretation of the CBA. Defendant identifies multiple terms of the CBA it contends the Court must interpret, but Defendant's arguments are premised on the same mistake it made at step one— that Plaintiff's PAGA claim is based on the terms of the CBA instead of rights guaranteed under state law. Opp'n 15–18, 19–20. Defendant also fails to identify any provisions in the applicable state laws that will require interpreting or even looking to the language of the CBA. Plaintiff thus can litigate his PAGA claim "without reference to the rights and duties established in the CBA." *Cramer v. Consol.*

*Freightways, Inc.*, 255 F.3d 683, 691 (9th Cir. 2001). Plaintiff's PAGA claim is not preempted under the second prong of the *Burnside* analysis.

Defendant has failed to demonstrate this Court has subject matter jurisdiction. The Court thus must remand the case. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

## IV. CONCLUSION

The Court **GRANTS** the motion to remand, ECF No. 18, and **DENIES AS MOOT** the motion for judgment on the pleadings, ECF No. 19. The Court remands the case to the Los Angeles County Superior Court, Stanley Mosk Courthouse, 111 N. Hill Street, Los Angeles, CA 90012, No. 22STCV08745. The Court directs the Clerk to effect remand and close the case.

**IT IS SO ORDERED.**